Matthias, J.
An inspection of the pleadings before the trial court discloses that the proceedings which the defendants below had instituted before the county commissioners were those authorized by Section 6442 et seq., General Code. It is to be borne in mind that judgment was entered in favor of the plaintiff in the court of common pleas upon his motion for judgment on the pleadings ; hence, we look only to the pleadings to ascertain the facts to be considered in determining the questions of law presented.
*215 The defendants below, by their petition duly filed with the county auditor, had prayed for the improvement of Stillwater creek “by straightening, widening, deepening or changing the same,” etc., between the termini therein designated, “and as much farther as may be deemed necessary to secure a good outlet for the lots and lands benefited.” At the same time a bond in the sum of $500, conditioned as required by Section 6447, General Code, was filed and approved by the county auditor. Said Section 6447 provides that such bond shall be “conditioned for the payment of all costs if the prayer of the petition is not granted or is dismissed for any cause.”
In determining the construction and effect of the undertaking of the petitioners we must be guided and controlled by the statute governing the proceeding which they sought to institute. Secrest et al. v. Barbee & Royston, 17 Ohio St., 425.
Having reference to the action required to be taken by the county commissioners upon the petition so filed, Section 6451, General Code, provides:
“The county commissioners shall meet at the place of beginning of the ditch, as described in the petition, on the day fixed, as provided in this chapter, and hear the proof offered by any of the parties affected by said improvement, and other persons competent to testify. They shall go over and along the line of the improvement, and by actual view of the ditch and the premises along and adjacent thereto which are to be drained or benefited thereby, determine the necessity thereof, and may adjourn from time to time and to such place *216 as the necessity of the work may require. If the commissioners find for the improvement, they shall fix a day for the hearing of applications for appropriations of land taken therefor and damages that persons, affected by said improvement, may sustain thereby, and for the approval of the report of the county surveyor as hereinafter provided.”
Section 6453, General Code, provides that if the county commissioners find against the improvement they shall dismiss the petition and proceedings at the cost of the petitioners.
Under the provisions of Section 6454, General Code, if the county commissioners find for the improvement they shall cause to be entered upon their journal an order directing the coünty surveyor to go upon the line described in the petition, or as changed by them, and survey and level it and make a report, profile and plat thereof and estimate the quantity of earth to be removed and the costs, etc.
The precise question- made by the pleadings in this case is whether, after having found that said improvement is necessary, that it would be conducive to the public health, convenience and welfare, that the route described in the petition was the best, and granted the prayer of the petition and directed the county surveyor to do the things enumerated in Sections 6454 and 6455, General Code, which are essential to be next done in order to proceed with such, improvement, in pursuance of which large costs and expense have been incurred, the county commissioners may then rescind the ■action taken in granting such improvement .and *217 dismiss such improvement proceeding at the costs of the petitioners.
The condition of liability for costs is “if the prayer of the petition is not granted' or is dismissed for any cause.” We have seen that upon the presentation of such petition it becomes the duty of the county commissioners to make an actual view of the ditch and the premises and to hear proof offered by any of the parties affected. They may adjourn from time to time and. to any place the necessity of the work may require. Full inquiry and investigation is authorized and directed. After making such full inquiry and investigation, after actual view and hearing, the commissioners then reach their conclusion and make their finding. They find either for the improvement or against the improvement. If they find against the improvement it is their duty then to dismiss the petition, while if they find for the improvement they direct the county surveyor to do the things which we have seen are necessary in order to prepare to enter upon its construction. If notice had not been served as required or sufficient and satisfactory bond filed or upon other failure on the part of the petitioners to comply with the requirements of the statute, such failure would have been cause for the dismissal of the petition without a consideration of the same upon its merits. In this instance the county commissioners made their finding for the improvement and granted the prayer of the petition. It is not contemplated by these statutes that there shall be any further liability of the petitioners for costs. If *218 the finding of the commissioners is against the improvement the prayer of the petition is denied. If, on the other hand, the commissioners find for the improvement, which includes a finding that the improvement will be conducive to the public health, convenience and welfare and that it is necessary, the matter is no longer a mere application of the petitioners but then becomes a public proceeding under the jurisdiction and control of the county commissioners, and under the provisions of the sections of the General Code referred to they are authorized to change the route and termini thereof. If the language of the statute to which we have referred be not so interpreted and construed, then there would scarcely be any limitation upon the liability of the petitioners for a ditch improvement, either in time or in amount, and the petitioners could be held liable if such dismissal was ordered as a result of an appeal or injunction proceeding. Thus improvements which would be conducive to the public health, convenience or welfare would not only not be encouraged but would be positively discouraged, and it has long been the policy of the law to- encourage drainage and promote all public improvements. Property owners would be reluctant indeed to assume responsibility for a proposed improvement if it were known in advance that after having acted favorably upon their petition and proceeded with the improvement therein prayed for, making large costs and expense attendant upon the proceedings had subsequent to the action taken upon the petition — long thereafter; in this case nearly two years — the commissioners could *219 rescind their action and then dismiss the proceeding and tax the costs made, not only prior to the action upon the petition but also all subsequent thereto, against the petitioners. The applicants for such improvement, especially one of great extent, as was that involved in this controversy, would be taking considerable chance, not only upon the subsequent change of opinion of the members of the board who acted upon such petition, but also upon the possible results of a subsequent election of commissioners, for it might happen, as indeed it did in this case, that long after the board had granted the petition for said improvement and directed action which incurred heavy expenses, a new board may reverse such action and dismiss the “improvement” at the costs of the petitioners.
Counsel for defendant in error have urged that the finding of the commissioners for the improvement is not a final order, and rely upon the decision of this court in the case of Atley v. Commissioners of Clinton County et al., 77 Ohio St., 285. The question there considered and determined was merely that an appeal from the finding of the commissioners, in advance of the hearing of claims for compensation and damages, is premature, for the reason that until those questions, as well as any proposed changes or alterations of the route, are acted upon, a dissatisfied party would not know with certainty from what order or part of the proceedings he desired to appeal. The reason for such requirement is stated by the judge announcing the opinion as follows:
*220 “It would be very confusing and mischievous in results, if an appeal can be thus taken from the initial proceedings, and when compensation and damages are subsequently allowed or refused, another appeal may be taken, so that the probate court would have separate appeals, to be heard, maybe, at different times by different juries. Such a straggling practice is not within the policy of our ditching statutes, however obscure certain of their provisions may be.”
Nowhere in that opinion is there any suggestion that, if, subsequent to the action granting the prayer of the petitioners, the commissioners have any desire to halt the proceedings, they may assess the costs upon the petitioners. The right of the commissioners to halt the proceedings at any stage, or dismiss them at any time, is not the question here presented, but their power, under the circumstances of this case, to require the petitioners to pay the costs.
It is pointed out that under Section 6468, General Code, a party to the proceeding may file exceptions to the finding of the commissioners in the several respects there stated — and exceptions were filed in this instance — and that questions considered by the commissioners at the first hearing as well as those arising subsequently may then be determined, it being urged that, in the language of the court in Atley v. Commissioners, supra, such exceptions are “in the nature of a second challenge of the orders theretofore made.” Clearly so. But that is the only provision made for further consideration of the action taken upon questions involved in the *221 initial hearing, and it is there provided that if, as a result of. the hearing upon such exceptions, the commissioners sustain them, “the cost of the hearing thereon shall be paid out of the county treasury, and if they overrule them, such cost shall be taxed against the person or corporation filing the exceptions.”
As well stated by Price, J., in Atley v. Commissioners of Clinton County et al., supra, “If no such exceptipns are filed as to the necessity of the ditch, and that it will be conducive to the public health, convenience and welfare, the final order as above considered under the last clause of Section 4461 [Section 6467, General Code], is the final order from which appeals will lie.”
As heretofore shown, if such exceptions are filed and sustained the costs of such hearing are required to be paid by the county. The petitioners are liable for costs only “if the prayer of the petition is not granted or is dismissed for any cause.” The express requirement that the county pay the costs of the hearing upon the exceptions if they be. sustained, clearly negatives the theory that the language “or is dismissed for any cause” permits a dismissal at the costs of the petitioners subsequent to the finding for the improvement, or contemplates a continuing liability for costs made in the event the proceedings ultimately and eventually fail. A consideration of the provisions in similar statutes providing for analogous proceedings confirms the conclusion we have reached in this case. When the legislature desired to continue the liability of the petitioners after the commissioners *222 had assumed jurisdiction and entered upon the proceeding petitioned for, apt and appropriate language was used to accomplish that purpose, as in Section 6861, General Code, prescribing the conditions of the bond “in case the application fails” in a proceeding to lay out or vacate a county road.
Counsel for defendant in error contend that since, under the provisions of Section 6453, General Code, the per diem of the county surveyor may be included in the costs to be taxed against the petitioners if the county commissioners find against the improvement and dismiss the petition, it necessarily follows that a finding upon which liability of the petitioners for payment of costs is determined is a finding subsequent to the action taken by the county surveyor in pursuance of the provisions of Section 6454, General Code. This argument is not at all convincing. It begs the entire question. The two sections just referred to must be considered and construed together. Under the one, if the county commissioners find against the improvement, they dismiss the petition at the cost of the petitioners; but if they find for the improvement, they then, and under these statutes not until then, direct the county surveyor to do the things enumerated in said Section 6454. As a matter of course the per diem for doing the things which only follow a finding for the improvement cannot be made a part of the costs if the finding be against the improvement. The rule applies that all statutes concerning the same subject-matter should be construed together, and a conclusion *223 reached, if possible, which will harmonize and give effect to their various provisions.
The judgments of the common pleas court and of the court of appeals reversed and judgment awarded plaintiffs in error.

Judgments reversed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Jones, JJ., concur.